IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JACK HOSE, and,
SONJA HOSE,

          Plaintiffs,

v.                                   CIVIL ACTION NO. 2:15-cv-13248

SYNCHRONY BANK,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Synchrony Bank's Amended Motion to Transfer this case to the United States District Court for the Northern District of West Virginia, Clarksburg Division. (ECF No. 6.) For the reasons discussed herein, that motion is **GRANTED**.

*I.    Background*

This action was removed to this Court from the Circuit Court of Monongalia County, West Virginia. On June 11, 2015, Jack and Sonja Hose filed a complaint before that court alleging violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). (ECF No. 1-1 at 2–6.) Specifically, Plaintiffs alleged that Defendant attempted to collect from them a debt after Defendant knew that they were represented by counsel, in violation of § 46A-2-128(e) of the WVCCPA. (*Id*. at 5.) That same day, the plaintiffs, through the Office of the Secretary of State, served upon the defendants a copy of the complaint and a summons. (*Id*. at 9–12; ECF No. 1 at

1

1.) Defendant filed an answer to the complaint in the Circuit Court of Monongalia County on August 19, 2015. (*Id*. at 13–22.) On August 28, 2015, that court set a status/scheduling conference for December 10, 2015. (*Id*. at 23.) No further proceedings in this action have taken place before the state court. (ECF No. 1 at 1–2.)

On September 17, 2015, Defendant filed a notice of removal in this Court. (ECF No. 1.) That notice is clearly captioned "Northern District of West Virginia Clarksburg Division," and Defendant argues that it intended to file the notice in the Northern District. (ECF No. 7 at 1.) However, according to Defendant, "notice was inadvertently filed in the Southern District of West Virginia." (*Id*.) Defendant now seeks to transfer the case to the Northern District, pursuant to 28 U.S.C. § 1406. Plaintiff does not oppose this motion.

## II. *Discussion*

Ordinarily, the issue of proper venue in federal court is governed by the general venue statute, 28 U.S.C. § 1391. However, in cases involving removal from state to federal court, the general venue statute "has no application." *Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 665 (1953). Instead, venue is determined with reference to the general removal statute, 28 U.S.C. § 1441(a). *See, e.g.*, *Smith v. JP Morgan Chase Bank, N.A.*, 727 F. Supp. 2d 476, 479 (S.D. W. Va. 2010) ("It is a long-standing rule of federal civil procedure that when a case is removed to federal court, the general removal statute governs venue."). That statute provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the *district and division* embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Based on the terms of the statute, Defendant's removal to this Court is improper. Removal is only proper in the district court embracing the place where

2

the state action is pending, which, in the case of Monongalia County, is the Northern District of West Virginia. *See* 28 U.S.C. § 129(a).

However, a procedural defect in the manner of removal does not, by itself, deprive a court of subject matter jurisdiction over a case and mandate remand to state court. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008) (distinguishing between challenges to removal based on jurisdictional defects, which a court is entitled to dismiss sua sponte, and those based on procedural defects to removal procedure, which are "non-jurisdictional" and can only be addressed upon timely motions of the parties); *S.W.S. Erectors, Inc. v. Imfax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) ("Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case" (citing *RTC v. Sonny's Old Land Corp.*, 937 F.2d 128, 130 (5th Cir. 1991)). 28 U.S.C. § 1447(c) imposes "a 30–day limit on the time in which a plaintiff may move a federal court to remand a case based on a procedural defect in removal." *Ravens Metal Products, Inc. v. Wilson*, 816 F. Supp. 427, 428 (S.D. W. Va. 1993). Accordingly, procedural defects will only form the basis for remand when asserted in a timely motion by a party challenging the court's jurisdiction. *See Ellenburg*, 519 F.3d at 197 ("Because § 1447(c) provides that a remand based on a defect other than subject matter jurisdiction must be effected by granting a timely filed motion, an order granting an untimely filed motion or entered without a motion at all does not fall within the scope of § 1447(c) . . . .").

Here, the plaintiffs do not make any challenge to the manner of removal and so any procedural defect not challenging the Court's subject matter jurisdiction is waived.[1] *See*

---

[1] Defendant admits that its notice of removal was not filed within thirty days of receipt of Plaintiff's state court complaint, as required by 28 U.S.C. § 1446(b)(1). (ECF No. 1 at 5.) In that notice of removal, Defendant argues

3

*Ellenburg*, 519 F.3d at 196; *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D. W. Va. 2011). Further, plaintiffs do not dispute that the district court has original diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1), as it presents claims between citizens of different states and the amount in controversy exceeds $75,000.[2]

Several courts addressing the issue have determined that improper removal to an incorrect district or division is a procedural defect. *See S.W.S. Erectors*, 72 F.3d at 493 n.3 ("When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue" (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644–45 (5th Cir. 1994)); *Keeth v. State Farm Fire and Cas. Co.*, No. 10-13219, 2011 WL 479903, at *2 (E.D. Mich. Feb. 7, 2011) ("Removal to the improper district, where a federal court otherwise has the jurisdictional power to hear the case, presents a procedural (as opposed to jurisdictional) defect curable by transfer to the proper venue); *Mortensen v. Wheel Horse Products, Inc.*, 772 F. Supp. 85, 89 (N.D.N.Y. 1991) ("[T]he fact that the removal was effected to this district court rather than to the district court embracing the place

---

that its removal was nonetheless timely. (*Id.*) However, this Court need not address the issue of timely removal for purposes of the current transfer motion. Even assuming *arguendo* that Defendant's notice of removal was not timely, failure to abide by this thirty day time limit is a procedural defect that Plaintiffs waived when they didn't raise it within thirty days of Defendant's filing of a notice of removal. *See Sherman v. Sigma Alpha Mu Fraternity*, 128 F. Supp. 2d 842, 846 (D. Md. 2001).

[2] Plaintiff's state court complaint does not allege a specific amount in controversy, but seeks several measures of damages, including: (1) actual damages or two hundred dollars against the defendant, whichever is greater, for each violation of the WVCCPA; (2) in addition to actual damages, statutory damages for each WVCCPA violation; (3) damages for emotional and mental distress, loss of time, aggravation, anxiety, annoyance, and inconvenience; (4) consequential and incidental damages; (5) punitive damages; and (6) costs and reasonable attorney's fees. (ECF No. 1-1 at 5–6.) In its notice of removal, Defendant submitted an affidavit indicating that Defendant had made 16 calls to Plaintiffs after March 16, 2015, the date Plaintiffs allege they notified Defendant of their representation by counsel. (ECF No. 1-1 at 2.) Although the plaintiffs do not challenge the amount in controversy or seek remand before this Court, the Court does note a recent West Virginia district court case in which a court held, under the same statutory provision and number of calls as are at issue in this case, that the amount in controversy requirement was satisfied by the plaintiff's prayer for statutory damages alone, without reference to other damages measures. *See Kelley v. Sallie Mae, Inc.*, Civil Action No. 5:14cv138, 2015 WL 1650080 at *5 (N.D. W. Va. Apr. 14, 2015) (Stamp, J.). Accordingly, the Court does not find reason to question its subject matter jurisdiction over the present action.

4

where the action was pending as required by §§ 1441(a) and 1446(a) is 'more akin to an improper venue situation.'" (quoting *Cook v. Shell Chemical Co.*, 730 F. Supp. 1381, 1382 (M.D. La. 1990)).

As the above-cited cases indicate, one procedure courts have utilized when faced with removal to an improper district is transfer based on improper venue. 28 U.S.C. § 1406(a) allows a district court "in which is filed a case laying venue in the wrong division or district" to, in the interest of justice, "transfer such case to any district or division in which it could have been brought." Because venue in removed cases is governed by the removal statute, as noted above, § 1406 "is not directly applicable to a case improperly removed." *Keeth*, 2011 WL 479903, at *2. Nonetheless, because the defect created by an improper removal is "akin to an improper venue situation," *Cook*, 730 F. Supp. at 1382, courts have found it appropriate to consider motions to transfer based on improper removal to the wrong district under § 1406. *See Mortensen*, 772 F. Supp. at 90 (noting that "in addition to cases originally filed in federal court, 'removed cases meeting the federal standards of § 1406(a) or § 1404(a) may also be transferred'" (quoting *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985)). As one district court recently addressing this situation noted, "[t]hough § 1406(a) is not directly applicable to a case improperly removed—as opposed to filed—in a district court, its tenets apply by analogy with equal force." *Keeth*, 2011 WL 479903 at *2.

This Court is persuaded by the reasoning in the cited cases that § 1406(a) is the appropriate vehicle to transfer the present case to the district in which it properly belongs. Venue is appropriate in the Northern District of West Virginia under the terms of the removal statute, and such a disposition would certainly further the interests of justice. The defendant's submissions in this case make clear that its intention was to file a notice of removal in the Northern District and

5

that the filing before this Court was inadvertent (and inexplicable). For these reasons, the situation presented in this case contrasts starkly with that facing the court in *Addison v. North Carolina Dep't. of Crime and Pub. Safety*, 851 F. Supp. 214 (M.D.N.C. 1994), a district court case from within the Fourth Circuit facing an incorrect district of removal issue and deciding against transfer.

In that case, the defendants intentionally removed the state court action to an improper federal district court not embracing the county of the state court action based on their assertion that the plaintiff was a resident of that district, and thus transfer to their chosen district would have ultimately been appropriate. *Id*. at 216, 218. In its disposition, the court granted the plaintiff's remand motion, and rejected the defendants' argument in favor of transfer to the proper removal district, primarily because "[a] party who deliberately removes an action to the wrong district court has acted improvidently and outside of the removal statute, thereby violating removal procedure." *Id*. at 218. The Court was especially concerned about the defendants' blatant circumvention of appropriate removal procedure, expressing apprehension that not remanding the case would "encourage litigants to forum shop in order to gain an advantage over plaintiff and disregard plaintiff's choice of forum." *Id*. Further, it was careful to note that the plaintiff in the case "brought this removal procedure defect to the Court's attention within the required thirty day limit of 28 U.S.C. § 1447(c) and, therefore, has not waived it," *id*., and expressly reserved the question of whether it would retain jurisdiction to transfer a case where removal to the improper district was "innocent." *Id*. at n.3.

Thus, the *Addison* court did not lay down any bright-line rule against transfer in the case of improper removal to the incorrect district. Rather, it made a case-specific determination based

6

on the "peculiar facts of the present case." *Id*. at 216. Those peculiar facts are not present in this case. The concerns about forum shopping and intentional disregard for proper removal procedure are eliminated because the removal to this district was the result of a mistake, as evidenced by the case styling in the document noticing that removal. (ECF No. 1.) Moreover, unlike in *Addison*, plaintiffs here have not objected to the procedural defect or made a motion for remand, so remand on the Court's own motion would be inappropriate. Instead, on the facts of this case and in the interest of justice, transfer to the Northern District of West Virginia pursuant to § 1406(a) is the proper disposition. Although removal to this Court is improper based on a procedural defect in the defendant's filing of its notice of removal, there is no dispute as to this Court's original diversity subject matter jurisdiction over the case. Moreover, venue is proper in the Northern District, under both the removal and the general venue statutes, and improper removal to this Court is the clear result of inadvertence rather than intentional behavior or forum shopping. It is undisputed that this case should be before the Northern District. In such circumstances, common sense and the interest of justice dictates that this Court cure the procedural defect that caused the action to be filed in this Court and transfer the case to the district "in which it could have been brought." 28 U.S.C. § 1406(a).

### III. *Conclusion*

For the reasons discussed herein, Defendant's Amended Motion to Transfer is **GRANTED**. The Court **ORDERS** that the case be **TRANSFERRED** to the United States District Court for the Northern District of West Virginia, Clarksburg Division.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 19, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE